1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ENRIQUE RODRIGUEZ HERNANDEZ,        1:08-cv-00626 LJO SMS HC

10                    Petitioner,        ORDER REQUIRING RESPONDENT TO FILE
                                         RESPONSE

11        v.                             ORDER SETTING BRIEFING SCHEDULE

12   D.K. SISTO,                         ORDER DIRECTING CLERK OF COURT TO
                                         SERVE DOCUMENTS ON ATTORNEY
13                    Respondent.        GENERAL
14   _____/

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18        The Court has conducted a preliminary review of the Petition.  Accordingly, pursuant to

19   Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil

20   Procedure,[1] the Court HEREBY ORDERS:

21        1.        Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the

22                  following:

23             A.        AN ANSWER addressing the merits of the Petition and due within

24                       **NINETY (90)** days of the *date of service* of this order.  Rule 4, Rules

25                       Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469,

26   _____

27        [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the
     practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the
28   practice of civil actions."  Fed.R.Civ.P. 81(a)(2).  Rule 11 also provides "the Federal Rules of Civil Procedure, to the
     extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under
     these rules."  Rule 11, Rules Governing Section 2254 Cases.

1   1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an

2   Answer.).

3       –   Respondent SHALL INCLUDE with the Answer any and all

4           transcripts or other documents necessary for the resolution of the

5           issues presented in the Petition. Rule 5 of the Rules Governing

6           Section 2254 Cases.

7       –   Any argument by Respondent that Petitioner has *procedurally*

8           *defaulted* a claim(s) SHALL BE MADE in an ANSWER that also

9           addresses the merits of the claims asserted. This is to enable the

10          Court to determine whether Petitioner meets an exception to

11          procedural default. <u>See</u>, <u>Paradis v. Arave</u>, 130 F.3d 385, 396 (9th

12          Cir. 1997) (Procedurally defaulted claims may be reviewed on the

13          merits to serve the ends of justice);  <u>Jones v. Delo</u>, 56 F.3d 878 (8th

14          Cir. 1995) (the answer to the question that it is more likely than not

15          that no reasonable juror fairly considering all the evidence,

16          including the new evidence, would have found Petitioner guilty

17          beyond a reasonable doubt necessarily requires a review of the

18          merits).

19      –   Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from

20          the date Respondent's Answer is filed with the Court.

21  B.  A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of*

22      *service* of this order based on the following grounds:²

23      i.  EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss

24

25      ²Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that
26  summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or*
    *to take such other action as the judge deems appropriate.*" Rule 4, Rules Governing Section 2254 Cases (emphasis
    added); <u>see</u>, <u>also</u>, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a
27  dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney
    General may file a Motion to Dismiss for failure to exhaust.); <u>also</u>, <u>White v. Lewis</u>, 874 F.2d 599, 60203 (9th
28  Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

2

1            for Petitioner's failure to exhaust state court remedies SHALL

2            INCLUDE copies of all the Petitioner's state court filings and

3            dispositive rulings relevant to the examination of the statute

4            limitations issue as required by <u>Ford v. Hubbard</u>, 330 F.3d 1086

5            (9th Cir. 2003) and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003);

6       ii.     STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1). A

7            Motion to Dismiss the Petition as filed beyond the one year

8            limitations period SHALL INCLUDE copies of all Petitioner's

9            state court filings and dispositive rulings.

10      iii.    SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b). A

11           Motion to Dismiss the Petition on the basis of § 2244(b) SHALL

12           include a copy of the previously filed federal Petition and

13           disposition thereof.

14  2.    OPPOSITIONS to Motions to Dismiss SHALL be served and filed within

15       EIGHTEEN (18) days, plus three days for mailing. All other Oppositions SHALL

16       be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES

17       to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8)

18       days, plus three days for mailing. Replies to Oppositions to all other Motions

19       SHALL be served and filed within eight (8) days, plus three days for mailing. If

20       no opposition is filed, all motions are deemed submitted at the expiration of the

21       opposition period.

22  3.    Unless already submitted, both Respondent and Petitioner SHALL COMPLETE

23       and RETURN to the Court along with the Response or Motion to Dismiss, a

24       Consent form indicating whether the party consents or declines to consent to the

25       jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C.

26       § 636(c)(1).

27  4.    RESPONDENT SHALL submit a Notice of Appearance as attorney of record

28       within **SIXTY (60)** days of the date of service of this order for purposes of service

1    of court orders.  See, Local Rule 83-182(a), 5-135(c).

2    5.    The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a

3          copy of the PETITION and any exhibits/attachments, on the Attorney General or

4          his representative.[3]

5    All motions shall be submitted on the record and briefs filed without oral argument unless

6    otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

7    applicable to this order.

8

9    IT IS SO ORDERED.

10   **Dated:    May 13, 2008**                    _____/s/ Sandra M. Snyder_____
                                          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [3] Respondent is advised that a scanned copy of the petition for writ of habeas corpus is available through the Court's Electronic Case Filing System ("CM/ECF").

4