# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE RODRIGUEZ HERNANDEZ, | 1:08-cv-00626 LJO SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| D.K. SISTO, | [Doc. 2] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On June 24, 2004, in the Fresno County Superior Court, Petitioner entered into a plea agreement and pled no contest to nine felony counts as follows: attempted murder (Ca. Pen. Code §§ 664 & 187, subd. (a)),[1] assault with a semiautomatic weapon (two counts, § 245, subd. (b)), felony threats (three counts, § 422), stalking (two counts, § 646.9, subd. (b)); and corporal injury to spouse or cohabitant (§ 273.5(a)).  (RT of 06/24/04 at 1-10; CT 45-50.)  Petitioner also admitted several firearm enhancements (§ 12022.5, subd. (a)) and great bodily injury enhancements (§ 12022.7, subd. (e)).

On July 23, 2004, the trial court sentenced Petitioner to a total term of 17 years in prison computed as follows: middle term of seven years for attempted murder, four-year middle terms

---

[1] All further references are to the California Penal Code unless otherwise indicated.

1

on each enhancement for that count, and two years for on-bail enhancement (§ 12022.1). Concurrent sentences were imposed on all the other counts and enhancements, with the exception on count two, assault with a semi-automatic weapon, which was stayed pursuant to section 654. Petitioner appealed the state court judgment, and the Court of Appeal remanded the matter to the trial court for Petition to admit the on-bail enhancement or for resentencing on the on-bail enhancement. The trial court subsequently resentenced Petitioner to the upper term of nine years for attempted murder and reimposed the middle term on the weapon and great bodily injury enhancements, totaling 17 years.

Petitioner filed a timely notice of appeal. On November 14, 2006, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Unpublished Opinion, Case No. F049477, 2006 WL 3291760.) The California Supreme Court denied review without prejudice to any relief for which Petitioner may be entitled after the United States Supreme Court determined Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L. Ed. 2d . 856 (2007).

Petitioner filed the instant petition for writ of habeas corpus on April 11, 2008, in the United States District Court for the Central District of California. The petition was transferred and filed in this Court on May 5, 2008. (Court Docs. 1, 2.) Respondent filed an answer to the petition on August 12, 2008, and Petitioner filed a traverse on September 2, 2008. (Court Docs. 7, 8.)

## STATEMENT OF FACTS[2]

On February 15, 2003, [Petitioner], in violation of a criminal protective order, went to his estranged wife's house and assaulted her when she arrived.

On February 19, 2003, after [Petitioner] again showed up at his estranged wife's house and began to argue, she drove off with a three-year-old child that was in her care. [Petitioner] followed her in his car, drove in front of her, and applied his brakes causing his estranged wife to apply her brakes abruptly in order to avoid colliding with [Petitioner's] car. [Petitioner] then made a slashing motion with a finger across his neck.

When his estranged wife stopped at a stop sign, [Petitioner] approached her vehicle walking and again made the slashing motion.

---

[2] The Court finds the Court of Appeal correctly summarized the facts in its August 22, 2005 opinion. Thus, the Court adopts the factual recitations set forth by the California Court of Appeal, Fifth Appellate District.

> On July 6, 2003, while [Petitioner's] estranged wife spoke with a male friend who was going to repair her sprinkler system, [Petitioner] arrived and began yelling at the friend that he should not be there. [Petitioner's] estranged wife and her friend went to another location where they both got into the friend's vehicle to discuss the repairs. [Petitioner] soon arrived and parked behind the friend's vehicle. He then walked to the driver's window and pointed a semiautomatic pistol at the friend's head and threatened to kill him. Subsequently, [Petitioner] walked over to his estranged wife's window and shot her in the head.
>
> On October 17, 2003, the district attorney filed a consolidated information charging [Petitioner] with all the charges he eventually pled to except that count 1 alleged that the attempted murder offense in that count was committed deliberately and with premeditation. Additionally, the arming enhancement in that count was charged pursuant to section 12022.53, subdivision (d) and counts 1 through 5 alleged an on-bail enhancement pursuant to section 12022.1.

(Lodged Doc. No. 4, Unpublished Opinion in Case No. F046108, at 2-4.)

## DISCUSSION

A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C.   Sentencing Error

Petitioner contends that the trial court erred by imposing an upper term based on facts that

were neither found by the jury nor admitted by Petitioner, in violation of Blakely v. Washington, 542 U.S. 296 (2004).

The trial court sentenced Petitioner as follows:

> As to Count One the court is going to find that aggravating circumstances outweigh any mitigating circumstances based upon the facts as set forth in the probation officer's report. The court also feels that it can consider the dismissed count by the People, that being the charge of committing a crime while out on bail as well as the other counts that the court plans on either running consecutively or staying in this case.
>
> The court also feels that aggravating circumstances far outweigh any mitigating circumstances in this case and, again, that's based upon the facts and circumstances as set forth in the original probation report, based upon the extremely heinous and extremely serious nature of the offense and also based upon either the counts that have been dismissed or are going to be stayed by this court.
>
> Therefore, as to Count One the primary term is to be nine years in state prison. That is to be enhanced by an additional enhancement under Penal Code section 1202.5(a)(1), which is an additional four years. . . . I'm making the total term four years for the 12022.7(e), four years for the 12022.5(a)(1), making the total term of 17 years.

(RT of 12/01/05 at 3, 4, 6.)

In denying Petitioner's claim on direct appeal, the Fifth District held:

> Defendant contends the factors relied upon by the trial court in imposing the upper term of imprisonment for attempted murder were impermissible because he neither admitted the factors nor were they found true by a jury. He says this result is compelled by *Blakely v. Washington*, *supra*, 542 U.S. 296 (*Blakely*). He also acknowledges that this argument is precluded by *People v. Black* (2005) 35 Cal.4th 1238, which held *Blakely* inapplicable to the imposition of sentence under California determinate sentencing law. (*Id*. at p. 1258.) He seeks to preserve the argument, however, "for federal court review."
>
> Even if *Blakely* were held applicable to sentencing under the determinate sentencing law, defendant's claim would fail in the circumstances of this case. In this case, there is nothing to preserve for federal review.
>
> The trial court here imposed concurrent sentences on several counts that could have been consecutive absent the plea agreement to a maximum sentence of 17 years. Imposition of concurrent sentences when consecutive sentences are authorized is an aggravating factors, as specified by rule 4.421(a)(7),[3] California

---

[3] Circumstances in aggravation include factors relating to the crime and factors relating to the defendant. (a) Factors relating to the crime, whether or not charged or chargeable as enhancements include that: . . . (7) The defendant was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed.

5

> Rules of Court. The trial court recognized this as a sufficient aggravating factor to impose the upper term for attempted murder.
>
> Thus, even if, hypothetically, *Blakely* were held to require either an admission or a jury trial for some of the aggravating factors under the determinate sentencing law, defendant admitted (pled no contest to) each of the offenses for which consecutive sentences could have been imposed. He thereby waived any right to a jury trial on those offenses to support imposition of the upper term; and it is not reasonably probable a more favorable sentence would have been imposed even if use of additional factors were held to be precluded by *Blakely*. [citation].

(Lodged Doc. No. 2, Unpublished Opinion in Case No.F049477, at 3-4.)

Thereafter, the California Supreme Court denied review stating: "Petition for review denied without prejudice as to any relief to which defendant might be entitled after the United States Supreme Court determines in Cunningham v. California, No. 05-6551, the effect of Blakely v. Washington (2004) 542 U.S. 296 and United States v. Booker (2005) 543 U.S. 220, on California law." (Lodged Doc. No. 7.)

In Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), the Supreme Court held that the middle term in California's determinate sentencing law was the relevant statutory maximum for the purpose of applying Blakely and Apprendi. Id. at 868. Specifically, the Court held that imposing the upper sentence violated the defendant's Sixth and Fourteenth Amendment right to a jury trial because it "assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence." Id. at 860. In reaching this decision, the high court overruled People v. Black, 35 Cal.4th 1238, 1255-1256 (2005), the California Supreme Court's decision holding that California's upper term procedure was constitutional under Apprendi, Blakely, and Booker. Cunningham, 127 S.Ct. at 868-871.

Thus, the California Court of Appeal's reliance on People v. Black to find that Blakely v. Washington was inapplicable was incorrect; however, the appellate court's alternate reasoning remains valid.

Here, it is undisputed that Petitioner was convicted of offenses which could have subjected him to *consecutive* sentences; however, the trial court chose instead to impose *concurrent* sentences. The plea form reflects that Petitioner pled "no contest" to attempted

---

(Rule 4.421(a)(7), California Rules of Court.)

6

murder (count one) with a firearm and great bodily injury enhancements; assault with a semi-automatic firearm (count two) with personal use of a firearm and infliction of great bodily injury; criminal threats against victim (count three); assault with an automatic firearm (count four) with personal use of a firearm; criminal threats (count five) with personal use of a firearm; disobeyance of a criminal protective order (count six); stalking (count seven); criminal threats (on 02/19/03; count eight); and corporal injury to spouse or cohabitant (on 02/15/03; count nine).[4]  (RT of 06/24/04 at 1-10; CT 45-50.)  The determination whether the crimes could be sentenced consecutively is not a factual decision.  Blakely carved out three instances when a trial judge may impose an aggravated sentence: (a) "'the fact of a prior conviction'"; (b) "facts reflected in the jury verdict"; and (c) facts "admitted by the defendant." Blakely, 542 U.S. at 301, 303 (italics omitted).  In addition, Petitioner pled no contest to the factual circumstances underlying all of the offenses, which provides the factual basis for imposing the aggravated term, and his plea forecloses his right to a jury trial on the aggravating circumstances.

D.       Consecutive Sentence

Petitioner contends that the trial court violated his right to a jury trial by imposing consecutive sentences without a jury.  (Petition, at 13.)

Because Petitioner did not receive consecutive sentences, his claim is factually flawed and does not warrant further review.  Accordingly, the claim should be denied outright.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.       The instant petition for writ of habeas corpus be DENIED; and,

2.       The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with

---

[4] Under California law, this factors alone, is sufficient to justify imposition of the upper term.  See People v. Sandoval, 41 Cal.4th 825, 839 (2007).

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:      January 4, 2009**                             /s/ Sandra M. Snyder
                                                                            UNITED STATES MAGISTRATE JUDGE